**James Lynn MAY, a/k/a James Benight, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–83–097–CR.**

Court of Appeals of Texas, Austin.

Nov. 30, 1983.

Ted L. Potter, Belton, for appellant.

James T. Russell, Bell County Asst. Dist. Atty., Belton, for appellee.

Before SHANNON, POWERS and BRADY, JJ.

PER CURIAM.

Appeal is taken from a judgment of conviction for the offense of aggravated assault. Tex.Pen.Code Ann. § 22.02(a)(4) (Supp.1982). Punishment was assessed by a jury at incarceration for three years.

By his two grounds of error, appellant complains that the district court erred in failing to sustain his motion for a directed verdict of not guilty, and in not granting him a mistrial on the court's own motion when it became evident that he was being denied effective assistance of counsel. This Court will reverse the judgment of conviction, and remand the cause for a new trial.

In his first ground of error, appellant contends that the State failed to prove he "used" a deadly weapon, as alleged in the indictment, and therefore his motion for directed verdict was erroneously overruled.

The evidence regarding the occurrence in question is conflicting. Both appellant and the victim, Richard Wofford, testified of a continuing course of "bad blood" between the two. Wofford testified that on September 7, 1982, he was seated in his parked automobile, near the Lamar Middle School, waiting to pick up a friend, when appellant in his van pulled up even with him on the opposite side of the street. Appellant then asked Wofford to step out into the street. Wofford declined and began to drive away when he saw appellant's van door open, revealing appellant sitting and looking at him with a shotgun lying on his lap. The shotgun was pointed in Wofford's general direction. Wofford further testified that he then drove away rapidly, and as he was doing so, heard a gunshot. He pulled his car into a vacant lot, got out, and discovered that his car had been hit by the discharge from a shotgun.

Appellant testified that he was parked in front of the Lamar Middle School when Wofford pulled up and told him to get off the street. Appellant ignored him, and when appellant's boys were almost at the van, Wofford displayed a handgun and stated "I've got this for you all." Appellant then heard a small gunshot, reached for his shotgun, loaded it, and fired at Wofford as he drove away.

In determining the sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App.1983) (opinion on State's motion for rehearing).

In his brief, appellant seems to be equating "use" with "firing," and argues that since Wofford did not see appellant fire the shotgun, appellant could not have threatened Wofford with imminent bodily injury with the "use" of a deadly weapon. This argument has no merit. The mere fact that appellant displayed the shotgun and pointed it in Wofford's general direction is sufficient "use." *See Carvajal v. State*, 529 S.W.2d 517 (Tex.Cr.App.1975).

We hold that the evidence in the instant case is sufficient to support the jury's finding of guilt.

By his second ground of error appellant claims that "the trial court erred in not granting the appellant a mistrial on the court's own motion when it became evident that the appellant was being denied effective assistance of counsel." Appellant's sole complaint in this regard is that his trial counsel submitted an unsworn motion for probation, and because it was unsworn, the district judge refused to submit a charge on probation to the jury. Tex.Code Cr.P.Ann. art. 42.12, Sec. 3a (Supp.1982). Although appellant's ground of error is couched in somewhat unusual terms, this Court will construe the ground of error as alleging that appellant was denied effective assistance of counsel.

We note first that authority exists for the proposition that neither the judge nor the jury is authorized to grant probation in a case in which a defendant has used or exhibited a deadly weapon. *Rivas v. State*, 627 S.W.2d 494 (Tex.App.1981, pet. ref'd). If that were the law, appellant would not have been eligible for probation, and there would be no error. However, we

are of the opinion that the rationale in *Rivas* is erroneous.[1]

The court of appeals in *Rivas* reasoned that to allow the jury to recommend probation in those cases in which the court was expressly forbidden to do so, Tex.Code Cr.P. Ann. art. 42.12, sec. 3f(a) (1979),[2] "would create a conflict between the power of the court and the power of the jury," *Rivas v. State, supra,* at 496, and refused to adopt such a construction. However, Tex.Code Cr.P.Ann. 42.12, sec. 3a (Supp.1982), requires the court to grant probation when the jury recommends it. Furthermore, such a construction as was denounced in *Rivas* is contemplated by the provisions of Tex.Code Cr.P.Ann. art. 42.12, sec. 3f(b) (1979), which authorizes the court to require a defendant to serve up to 120 days' confinement as a condition of probation when the defendant, although he used or exhibited a deadly weapon (which is one of the instances in which the court is expressly forbidden to grant probation), *has* been granted probation, presumably upon the jury's recommendation. Therefore we hold that appellant was eligible for probation in this cause.[3]

We turn now to the question of whether the failure of appellant's trial counsel to have appellant's motion for probation verified in and of itself constitutes ineffective assistance of counsel. We hold that it does.

■ Normally, an isolated instance of alleged ineffectiveness is not sufficient to sustain a claim of ineffective assistance of counsel. *Johnson v. State,* 629 S.W.2d 731 (Tex.Cr.App.1981); *Ex parte Ewing,* 570 S.W.2d 941 (Tex.Cr.App.1978). However, the action of trial counsel in the instant case can in no way be considered trial strategy, which would leave this Court in the position of second-guessing trial counsel, or examining his competency with the benefit of hindsight. *Ex parte Prior,* 540 S.W.2d 723 (Tex.Cr.App.1976). It was an omission which can be attributed to nothing but the neglect of counsel, and which totally precluded the jury from considering probation.

In *Ex parte Scott,* 581 S.W.2d 181 (Tex. Cr.App.1979), counsel who failed to discover that the first of two alleged prior felony convictions had not become final until *after* the commission of the crime resulting in the second conviction was determined to have been ineffective. Because of this error, counsel advised the defendant to plead "true" to these allegations, and the defendant was given a mandatory life sentence. Tex.Pen.Code Ann. § 12.42(d) (1974).

We are of the opinion that the issue presented in this appeal is analogous to that of *Ex parte Scott, supra.* Although appellant's three-year sentence may seem insignificant when compared to the life sentence rendered in *Scott,* any insignificance pales in light of the fact that all hope for probation was dashed by trial counsel's omission, resulting in certain incarceration upon a jury finding of guilt.

Accordingly, the judgment of conviction is reversed and the cause is remanded for a new trial.

1. In this regard, we note that the refusal by the Court of Criminal Appeals to grant a petition for discretionary review lends no credence or precedential value to the opinion of the Court of Appeals. *Sheffield v. State,* 650 S.W.2d 813 (Tex.Cr.App.1983); *Campbell v. State,* 647 S.W.2d 660 (Tex.Cr.App.1983).

2. We note also that Tex.Code Cr.P.Ann. art. 42.12, sec. 3a (Supp.1982), which empowers the jury to grant probation, is not included in the restrictions on the court's power to grant probation set out in art. 42.12, sec. 3f(a).

3. The fact that sec. 3f(b) authorizes the trial court to impose a period of incarceration as a condition of probation only when the defendant is convicted of a felony of the second-degree or higher, and appellant in this case was convicted of a third-degree felony, is of no moment. Section 3f(b) is merely indicative of the legislative intent to allow the jury to recommend probation in instances in which a deadly weapon is used.

It would indeed be an anomaly if a first-degree or second-degree felony offender would be eligible for probation, as explicitly stated in sec. 3f(b), but a third-degree offender would not. We read sec. 3f(b) to mean that, while third-degree felony offenders are eligible for probation for the reasons previously indicated, the above-described incarceration as a condition of probation is not available to the trial court in such an instance.