**James Lynn MAY aka James Benight, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 113–84.

Court of Criminal Appeals of Texas, En Banc.

Dec. 5, 1984.

John L. Potter, Belton, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of aggravated assault with a deadly weapon. V.T.C.A., Penal Code Sec. 22.02(a)(4). Punishment was assessed by the jury at three years. The Court of Appeals reversed the conviction on a finding of ineffective assistance of counsel. *May v. State,* 660 S.W.2d 888. The State brought this petition for review on the issues of whether counsel's failure to have appellant's application for probation sworn to constituted ineffective assistance of counsel, and whether in any event such failure was harmless because under *Rivas v. State,* 627 S.W.2d 494 (Tex.App. 1981, pet. ref'd.) probation could not be granted on conviction for the offense in this case.

### I.

In addressing the ground of error, the Court of Appeals first noted that under *Rivas v. State,* supra, appellant would not be eligible for probation. The court then proceeded to demonstrate why the rationale of *Rivas* is erroneous:

"The court of appeals in *Rivas* reasoned that to allow the jury to recommend probation in those cases in which the court was expressly forbidden to do so. Tex.Code Cr.P.Ann. art. 42.12, sec. 3(a) (1979),[2] 'would create a conflict between the power of the court and the power of the jury,' *Rivas v. State*, supra, at 496, and refused to adopt such a construction. However, Tex.Code Cr.P.Ann. 42.12, sec. 3a (Supp.1982), requires the court to grant probation when the jury recommends it. Furthermore, such a construction as was denounced in *Rivas* is contemplated by the provisions of Tex. Code Cr.P.Ann. art. 42.12, sec. 3f(b) (1979), which authorizes the court to require a defendant to serve up to 120 days' confinement as a condition of probation when the defendant, although he used or exhibited a deadly weapon (which is one of the instances in which the court is expressly forbidden to grant probation), has been granted probation, presumably upon the jury's recommendation. Therefore we hold that appellant was eligible for probation in this cause.[3]

"[2] We note also that Tex.Code Cr.P.Ann. art. 42.12, sec. 3a (Supp.1982), which empowers the jury to grant probation, is not included in the restrictions on the court's power to grant probation set out in art. 42.12, sec. 3f(a).

"[3] The fact that sec. 3f(b) authorizes the trial court to impose a period of incarceration as a condition of probation only when the defendant is convicted of a felony of the second-degree or higher, and appellant in this case was convicted of a third-degree felony, is of no moment. Section 3f(b) is merely indicative of the legislative intent to allow the jury to recommend probation in instances in which a deadly weapon is used.

"'It would be an anomaly if a first-degree or second-degree felony offender would be eligible for probation, as explicitly stated in sec. 3f(b), but a third-degree offender would not. We read sec. 3f(b) to mean that, while third-degree felony offenders are eligible for probation for the reasons previously indicated, the above-described incarceration as a condition of probation is not available to the trial court in such an instance."

We agree the *Rivas* rationale is erroneous. Indeed, in *Ex parte Thomas*, 638 S.W.2d 905, this Court expressly recognized that Sec. 3f(b) contemplates a situation where probation has been granted by a jury, just as reasoned by the Court of Appeals in this case. Also see *Ex parte Moser*, 602 S.W.2d 530, where the defendant was convicted of murder by use of a firearm and the jury granted probation. We reject the State's argument that probation could not be granted by the jury in this case.

II.*

III.

The judgment of the Court of Appeals is affirmed.

* PART II OF THE OPINION IS NOT TO BE PUBLISHED BY ORDER OF THE COURT.