SCHWARTZ, Chief Judge.
Treating the only substantive point which merits discussion, we hold that the defendant’s act of pointing a pistol at the victim to secure acquiescence to his acts of simple battery by non-consensually touching her intimate areas, involved the “use” of a deadly weapon in the commission of the battery within the meaning of sub-subsection (l)(a)2 of the aggravated battery statute, § 784.045, Fla.Stat. (1989).[1] Gaston v. State, 672 S.W.2d 819, 821 (Tex. App.1983) (“Appellant here argues that since he did not physically move the gun, point it or threaten to shoot defendant, he did not ‘use’ the gun as the statute requires. We do not believe the word ‘use’ can be so narrowly construed. It was the presence of the gun in appellant’s hand that instilled fear in complainant and made her feel threatened with bodily injury. When appellant had one hand over complainant’s mouth, the other was holding the shotgun in very close proximity to complainant’s body. To say appellant did not ‘use’ the gun would be to totally negate it as a factor in the incident. That simply is not the case.”). Accord State v. Pruitt, 94 N.C.App. 261, 380 S.E.2d 383 (1989), review denied, 325 N.C. 435, 384 S.E.2d 545 (1989); May v. State, 660 S.W.2d 888 (Tex.App. 1983), aff’d, 722 S.W.2d 699 (Tex.Crim.App. 1984). See generally Lareau v. State, 573 So.2d 813 (Fla.1991). Hence, the aggravated battery conviction is affirmed.
As the parties agree, the guidelines score sheet should be amended to eliminate the twenty-four points which were erroneously assessed for victim injury. See Northcut v. State, 493 So.2d 85 (Fla. 4th DCA 1986). No remand for resentencing is required, however, because the recalculation does not affect the applicable cell. See Hayward v. State, 590 So.2d 976, 976 n. 3 (Fla. 5th DCA 1991); Sellers v. State, 578 So.2d 339 (Fla. 1st DCA 1991), approved, 586 So.2d 340 (Fla.1991).
There is no merit in the appellant’s remaining point.
Affirmed as modified.
BARKDULL, J., concurs.

. 784.03 Battery.—
(1) A person commits battery if he:
(a) Actually and intentionally touches or strikes another person against the will of the other; or
(b) Intentionally causes bodily harm to an individual.
(2) Whoever commits battery shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
784.045 Aggravated battery.—
(1)(a) A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon, [e.s.]

******

(2) Whoever commits aggravated battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.