IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-362-CR




HENRY PENN WILLIS, III,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 91-227, HONORABLE TED BUTLER, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of possessing fifty pounds or less but more than five
pounds of marihuana. Texas Controlled Substances Act, Tex. Health & Safety Code Ann.
§ 481.121 (West 1992). The jury assessed punishment at imprisonment for twenty years and a
$10,000 fine.

 On the afternoon of August 9, 1991, a helicopter pilot spotted what he believed to
be marihuana plants growing on a farm in rural Caldwell County. As the pilot watched, a man
and woman emerged from the nearby farm house, apparently in response to the appearance of the
helicopter. The woman ran to the plot where some of the marihuana plants were growing and
began to pull them and carry them into a shed. The man, according to the pilot's testimony, went
to a Dodge pickup truck and drove away. Officers responding to the pilot's call drove to the farm
and arrested the woman, identified as appellant's wife, in the shed. The officers found ninety-nine
marihuana plants, some eight to twelve feet tall, on the property. Some of these plants were
growing in a garden a short distance from the house, while others were planted in various
locations on the remainder of the property. The plants were well-watered and were obviously
being cultivated. Other marihuana was found drying on a screen near the shed. Scales, firearms,
plastic bags, and loose marihuana were found inside the house.

 The real property in question was owned by appellant and his wife. Appellant was
also shown to own a Dodge pickup and the numerous vehicles that were found on the property. 
Bills addressed to appellant and his wife were found in the house, along with men's and women's
clothing.

 In his first point of error, appellant contends that the evidence is legally insufficient
to sustain the judgment. In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991). In order to prove unlawful possession of a controlled substance, the
State must prove that the accused exercised care, control, and management over the contraband
with knowledge that the substance was contraband. Castellano v. State, 810 S.W.2d 800, 805
(Tex. App.--Austin 1991, no pet.). Possession of contraband need not be exclusive, and evidence
that the accused jointly possessed the contraband with another is sufficient. Id. If the accused is
not in exclusive possession of the place where the substance is found, it cannot be concluded that
he had knowledge of and control over the contraband unless there are additional independent facts
and circumstances which affirmatively connect him to the contraband by sole or joint possession. 
Id. 

 The jury could reasonably infer from the evidence that appellant and his wife lived
together at the farm and that appellant was the man seen leaving the house by the helicopter pilot. 
Although the pilot testified that the man went directly from the house to the pickup, two officers
who responded to the pilot's call, Robert Nestoroff and Dwayne Steen, testified that the pilot
radioed that the man and the woman were both pulling marihuana plants. The jury, as trier of
fact, could believe that the officers' memories were more reliable than the pilot's. Tex. Code
Crim. Proc. Ann. art. 38.04 (West 1979). The testimony that appellant was pulling the marihuana
plants from the ground is sufficient to affirmatively connect appellant to the marihuana and to
support the conclusion that appellant knowingly exercised control over the marihuana. In
addition, the evidence shows that ninety-nine marihuana plants, some twelve feet tall, were being
cultivated on appellant's farm and within view of the house appellant was shown to occupy. 
Additional marihuana was found drying near the house and in a plastic bag inside the house. 
Balance scales of the sort used to weigh contraband also were found in the house. We conclude
that a rational jury could find beyond a reasonable doubt that appellant knowingly possessed the
marihuana plants and overrule the first point of error.

 In point of error two, appellant urges that the district court erred by including in
its charge an instruction on the law of parties. The charge was given over appellant's objection
that there was no evidence that he was criminally responsible for the acts of his wife. In point of
error one, we concluded that the evidence is sufficient to sustain appellant's conviction as a
primary actor. Therefore, accepting as true appellant's contention that the evidence did not raise
the issue of his guilt as a party, the charge error was harmless. Black v. State, 723 S.W.2d 674,
675 (Tex. Crim. App. 1986); Govan v. State, 682 S.W.2d 567, 570-71 (Tex. Crim. App. 1985);
see Johnson v. State, 739 S.W.2d 299, 303-05. Point of error two is overruled. 

 In his fourth point of error, appellant argues that Nestoroff should not have been
permitted to testify that the helicopter pilot reported seeing both the man and the woman pulling
the marihuana plants. The district court admitted the testimony over appellant's hearsay
objection, on the theory that the pilot's statement was an excited utterance. Tex. R. Crim. Evid.
803(2). We need not determine whether the court's ruling was correct, because the record reflects
that the other officer, Steen, testified to the same effect without objection. Ethington v. State, 819
S.W.2d 854, 858 (Tex. Crim. App. 1991). Point of error four is overruled.

 In his third point of error, appellant complains of the prosecutor's argument at the
punishment stage of trial. Appellant contends that the prosecutor, on several occasions, referred
to him as a drug dealer and asked the jury to assess punishment on that basis. An examination
of the statement of facts discloses that appellant voiced only two objections during the prosecutor's
argument. After the first objection, the court asked the prosecutor to rephrase his argument. 
After the second, the court advised the jurors to rely on their own recollection of the facts. In
neither instance did appellant obtain a direct ruling by the court. Tex. R. App. P. 52(a). 
Appellant did not ask the court to instruct the jury to disregard any of the allegedly improper
statements. We conclude that the statements of the prosecutor, if error, were not so prejudicial
as to warrant reversal despite appellant's failure to preserve them for review. Point of error three
is overruled.

 In point of error five, appellant asserts that he was denied effective assistance of
counsel because his attorney failed to file a sworn motion for probation. Tex. Code Crim. Proc.
Ann. art. 42.12, § 4(a) (West Supp. 1993). This Court has held that where, as in this cause, the
defendant is eligible for jury-recommended probation, counsel's failure to file a sworn motion
constitutes ineffectiveness. May v. State, 660 S.W.2d 888 (Tex. App.--Austin 1983), aff'd, 722
S.W.2d 699 (Tex. Crim. App. 1984).

 At a hearing outside the jury's presence, defense counsel and his secretary testified
that a motion for probation was prepared and signed by appellant under oath. Counsel further
testified that he personally delivered the sworn motion to the district clerk's office. The motion
was never made a part of the record, however, and counsel took full responsibility for having
failed to make sure that it was on file before trial began. At the conclusion of the hearing, the
court, noting that the jury had been voir dired on probation by both parties, ruled that the jury
would be charged on probation despite the absence of a proper motion. The relevant portion of
the charge was modified to read, "In this case the defendant's attorneys pray that in the event he
is convicted that he be granted probation."

 We hold that the record before us demonstrates that defense counsel rendered
reasonably effective assistance at the punishment stage. Ex parte Walker, 777 S.W.2d 427, 430-31 (Tex. Crim. App. 1989); Ex parte Duffy, 607 S.W.2d 507 (Tex. Crim. App. 1980). This
cause is distinguishable from May because, at defense counsel's urging, the district court
submitted the question of probation to the jury despite the procedural error. There is nothing in
the record to support appellant's argument that "the jury, instructed as they [sic] were, did not
give fair and appropriate attention to the fact that he had sworn his eligibility for probation and
that he, himself, not his attorneys, prayed for probation." While the wording of the probation
charge was unusual, we do not share appellant's belief that the jury was aware of the irregularity,
much less that the jury assessed the punishment it did because of it. (1) Point of error five is
overruled.

 Finally, appellant complains that the district court should not have charged the jury
on probation in the absence of a sworn application. If this was error, it was clearly beneficial to
appellant and therefore harmless beyond a reasonable doubt. Tex. R. App. P. 81(b). Appellant
also complains of the rewording of the probation charge discussed above. But appellant did not
object to the charge on this basis and the record does not support the conclusion that appellant was
egregiously harmed by the alleged error. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1985) (opinion on rehearing). The sixth point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: June 2, 1993

[Do Not Publish]
1. Were we to apply the second prong of the test enunciated in Strickland v. Washington, 466
U.S. 688 (1984), we would hold that appellant has failed to demonstrate that there is a reasonable
probability that the result of the proceeding would have been different but for the complained-of
acts of counsel. See Ex parte Felton, 815 S.W.2d 733, 736-37 n.4 (Tex. Crim. App. 1991); see
also Rosales v. State, 841 S.W.2d 368, 376-378 (Tex. Crim. App. 1992).