Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS








EX PARTE: JULIAN MARTINEZ

§
 
§
 
§
 
§
 
§

§


No. 08-05-00315-CR

Appeal from
 County Court at Law No. 2

of El Paso County, Texas

(TC # 20020C17414)



 

 

 




O P I N I O N

            Julian Martinez appeals from an order denying his application for writ of habeas corpus. We
affirm.
FACTUAL SUMMARY
            On March 10, 2003, a jury convicted Appellant of driving while intoxicated. The court
assessed his punishment at a fine of $1,000 and confinement for 180 days, probated for eighteen
months. This court affirmed his conviction on April 7, 2005. Martinez v. State, No. 08-03-00240-CR, 2005 WL 787075 (Tex.App.--El Paso April 7, 2005, no pet.)(not designated for publication). 
Following the issuance of our mandate, Appellant filed an application for writ of habeas corpus
based on ineffective assistance of counsel. The trial court conducted a hearing on the application
and on August 31, 2005 denied the requested relief. The court then imposed the punishment
previously assessed.
INEFFECTIVE ASSISTANCE
            In his sole issue on appeal, Appellant contends that the trial court erred by denying habeas
corpus relief on his allegation of ineffective assistance of trial counsel. To prevail on a writ of
habeas corpus, the proponent must prove his allegations by a preponderance of the evidence. See
Ex parte Thomas, 906 S.W.2d 22, 24 (Tex.Crim.App. 1995). In reviewing a trial court’s decision
to grant or deny relief on a writ of habeas corpus, we should review the facts in the light most
favorable to the trial court’s ruling and should uphold it absent an abuse of discretion. Ex parte
Peterson, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003). Reviewing courts should afford almost total
deference to a trial judge’s determination of the historical facts supported by the record, especially
when the fact findings are based on an evaluation of credibility and demeanor. Ex parte Peterson,
117 S.W.3d at 819 n.67. When dealing with mixed questions of law and fact, the reviewing court
should give the same level of deference if the resolution of those questions turn on an evaluation of
credibility and demeanor and review de novo those mixed questions of law and fact that do not
depend upon credibility and demeanor. Id. at 819. Unless reviewing courts are unable to determine
from the record what the trial court’s implicit factual findings are, they should grant deference to
implicit factual findings that support the trial court’s ruling. Id. The reviewing court should affirm
as long as the decision is correct on any theory of law applicable to the case. Ex parte Primrose, 950
S.W.2d 775, 778 (Tex.App.--Fort Worth 1997, pet. ref’d).
            The proper standard for determining claims of ineffective assistance under the Sixth
Amendment is the two-step analysis adopted by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 988
S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that
counsel’s performance was deficient to the extent that counsel failed to function as the “counsel”
guaranteed by the Sixth Amendment. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).
Under the second prong, the defendant must establish that counsel’s deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; Jackson,
877 S.W.2d at 771. Prejudice is established by a showing that there is a reasonable probability that
but for counsel’s unprofessional errors, the result of the proceeding would have been different.
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877 S.W.2d at 771.
Failure to make the required showing of deficient performance defeats the ineffectiveness claim.
Jackson, 877 S.W.2d at 771.
            When we review a claim of ineffective assistance, we must indulge a strong presumption that
counsel’s conduct falls within the wide range of reasonable, professional assistance, and the
appellant must overcome the presumption that the challenged conduct can be considered sound trial
strategy. Jackson, 877 S.W .2d at 771. In any case analyzing the effective assistance of counsel, we
begin with the strong presumption that counsel was competent. Thompson v. State, 9 S.W.3d 808,
813 (Tex.Crim.App. 1999). We presume that counsel’s actions and decisions were reasonably
professional and were motivated by sound trial strategy. Jackson, 877 S.W.2d at 771; Kegler v.
State, 16 S.W.3d 908, 911 (Tex.App.--Houston [14th Dist.] 2000, pet. ref’d). The defendant must
rebut the presumption that the challenged conduct can be considered sound trial strategy. Jackson,
877 S.W.2d at 771. If the record is silent as to the facts, circumstances, and rationale behind an
attorney’s particular course of action, we are compelled to find that the defendant did not rebut the
presumption that it was a reasonable course of action. See Thompson, 9 S.W.3d at 814.
            On direct appeal, Appellant argued that the trial court erred by failing to provide an
Article 38.23 instruction with respect to his refusal to take the breathalyzer test.


 He requested that
the court instruct the jury to disregard all testimony related to the breath test if the jury found that
Appellant had not been given the statutory warning.


 We held that Appellant waived his complaint
because he had failed to present any evidence that there was a causal connection between the absence
of the warnings and Appellant’s refusal to take the breath test. See Martinez, 2005 WL 787075 at
*3. We therefore did not address the merits of Appellant’s complaint.
            Applying the Strickland standard, Appellant was first required to establish by a
preponderance of the evidence that his trial attorney’s failure to present evidence sufficient to
warrant the requested Article 38.23 instruction is so egregious an error that counsel failed to function
as the “counsel” guaranteed by the Sixth Amendment. Second, Appellant must establish that there
is a reasonable probability that, but for counsel’s error, the outcome of the proceeding would have
been different. Under the second prong of the standard, he must make two showings: (1) if the jury
had been given the instruction there is reasonable probability it would have disregarded the evidence
showing Appellant refused to take the breath test; and (2) there is a reasonable probability the jury
would have found him not guilty in the absence of this evidence. 
 
            At the writ hearing, Appellant’s trial attorney, James Lucas, testified that he committed an
error by failing to ask Appellant if his refusal to take the breath test would have been different if the
officer had given him the statutory warnings. Lucas expressed his opinion that, had he preserved
error, the trial court would have erred if it refused to submit the requested charge to the jury. He also
believed that if the jury had been given the instruction it “may have viewed the evidence in its
totality completely differently.” Appellant testified at the writ hearing that if he had been given the
statutory warnings, he would have taken the breath test. 
            Appellant bases his claim of ineffective assistance of counsel on this single allegation of error
by trial counsel. The Strickland standard has never been interpreted to mean that the accused is
entitled to errorless or perfect counsel. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex.Crim.App.
1990). Generally, isolated instances in the record reflecting errors of commission or omission do
not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by
isolating or separating out one portion of the trial counsel’s performance for examination. Id. An
applicant must show omissions or other mistakes made by counsel that amount to professional errors
of a magnitude sufficient to raise a reasonable probability that the outcome of the trial would have
been different but for the errors. Id. While isolated errors rarely rise to the level of ineffective
assistance, it is possible that a single egregious error of omission or commission by counsel
constitutes ineffective assistance. Thompson, 9 S.W.3d at 813; see e.g., Jackson v. State, 766
S.W.2d 504, 508 (Tex.Crim.App. 1985)(failure of trial counsel to advise appellant that judge should
assess punishment amounted to ineffective assistance of counsel), modified on other grounds by
Texas v. Jackson, 475 U.S. 1114, 106 S.Ct. 1627, 90 L.Ed.2d 175 (1986); Ex parte Felton, 815
S.W.2d 733, 735 (Tex.Crim.App. 1991)(failure to challenge a void prior conviction used to enhance
punishment rendered counsel ineffective); May v. State, 660 S.W.2d 888, 889 (Tex.App.--Austin
1983), aff’d, 722 S.W.2d 699 (Tex.Crim.App. 1984)(holding that isolated instance of error by
counsel is insufficient to establish ineffective assistance of counsel, but where neglect of counsel
totally precluded jury from considering probation, reversal of conviction and new trial were
required). 
            We do not have the benefit of the court reporter’s record of the trial. While the trial court
took judicial notice of the court’s file, including our opinion and judgment, there is nothing to
indicate that the file contained the court reporter’s transcript. Accordingly, we will rely on the
factual summary stated in our opinion. The arresting officer, Alejandro Guerra, testified that he gave
Appellant the statutory warnings both orally and in writing. Martinez, 2005 WL 787075 at *1. The
officer signed the form and indicated that Appellant refused to take the breath test. Id. On the other
hand, Appellant did not affirmatively state that Guerra did not give him the statutory warning but
testified only that he did not remember being advised regarding the consequences of refusing to the
take the breath test. Id. at *2. Even if the requested instruction had been given by the trial court, the
jury was free to believe the officer’s testimony and reject Appellant’s testimony. While it is possible
the jury might have believed Appellant, we are unable to conclude that there is a reasonable
probability the jury would have resolved the issue in Appellant’s favor.
            Even if Appellant had established that there is a reasonable probability the jury would have
resolved the Article 38.23 issue in this favor and disregarded the breath test refusal evidence, he still
has not established prejudice under Strickland by showing a reasonable probability that the outcome
of the trial would have been different. Evidence that a defendant refused to take the breath test when
requested may be considered by the jury as evidence of intoxication. See Gaddis v. State, 753
S.W.2d 396, 398 (Tex.Crim.App. 1988). In this case, the jury’s finding of guilt is supported by 
evidence of intoxication even without the evidence of the breath test refusal. Officer Guerra
observed Appellant make an improper left turn at an intersection by turning left from the right hand
lane, cutting across two lanes of traffic in order to make the turn. Martinez, 2005 WL 787075 at *1. 
As Guerra followed Appellant, he saw him straddling two lanes. Id. After Guerrra approached
Appellant’s vehicle, he could smell a strong odor of alcohol and Appellant had red, bloodshot, and
glassy eyes. Id. Appellant’s speech was slurred and he staggered as he walked. Id. His
performance on the field sobriety tests also indicated that he was intoxicated as he exhibited sixteen
out of eighteen clues Guerra is trained to observe. Id. Appellant has therefore failed to establish that
there is a reasonable probability that the outcome of the trial would have been different but for
counsel’s error. We overrule the sole issue presented on appeal and affirm the order of the trial
court denying habeas corpus relief.


February 15, 2007                                                       
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)