In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00140-CR


______________________________




BOYCE DEE PHILLIPS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Red River County, Texas


Trial Court No. CR00032




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Convicted and sentenced December 9, 2005, to life imprisonment for aggravated sexual
assault of a child, Boyce Dee Phillips has now sought, and has been denied by the trial court, DNA
testing. We affirm the ruling of the trial court.

 Phillips asked for forensic DNA testing on any evidence in the possession of the State that
might contain any trace of DNA evidence. (1) See Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon
Supp. 2007). The trial court conducted a hearing at which several exhibits were introduced; no
reporter's record was requested or filed. The trial court, in its order denying the motion, stated that
it appeared from the record that there was no DNA evidence available, as Phillips had been accused
and convicted of digital penetration of the victim.

 Phillips contends on appeal that the court erred by determining there was no DNA evidence
because there was evidence that he had penetrated the victim's sexual organ with his mouth and
possibly that he had penetrated her mouth with his penis. The record shows, however, that he was
accused and convicted of sexual assault by digital penetration, not by either of the other acts
described by Phillips in connection with this motion. (2)

 Even under the incomplete record that is before this Court, however, it is apparent from our
prior opinion in this case, as well as from Phillips' own allegations in this appeal, that the question
of identity was not at issue in the prosecution. The Texas Code of Criminal Procedure explicitly
states that a court may order DNA testing only if "identity was or is an issue in the case," and
movant can meet other statutory requirements. Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(B)
(Vernon Supp. 2007). (3) 

 In this case, the identity of the perpetrator of the crime was never at issue. There was no
suggestion of misidentification. In light of the fact that the victim was a family member,
identification of Phillips was not controverted at trial.










 

 We affirm the order denying Phillips' request for DNA testing. (4)

 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 21, 2007

Date Decided: November 26, 2007


Do Not Publish
1. Phillips' counsel was appointed by the trial court solely for the limited purpose of
representing Philips at the DNA hearing.
2. See Phillips v. State, No. 06-06-00018-CR, 2006 Tex. App. LEXIS 10622 (Tex.
App.--Texarkana Dec. 14, 2006, no pet.) (mem. op., not designated for publication).
3. The statute goes on to require the convicted person to establish that he or she would not have
been convicted if exculpatory results had been obtained through DNA testing.
4. Phillips' brief contains a number of arguments complaining about the underlying trial. He
complains about receiving ineffective assistance of counsel, and counsel's alleged poor choices in
selecting which evidence to seek to admit, as well as the inconsistent nature of the victim's
testimony. None of those matters involve the present DNA proceeding; therefore, they may not be
considered in this appeal. Phillips has attached to his brief a number of documents, including copies
of emergency room forms, the outcry statement, the indictment, and a copy of the laboratory results
on the evidence submitted for testing before trial--none of which showed any evidence that could
be subject to DNA analysis.



 to a term of
imprisonment that exceeds ten years. Tex. Code Crim. Proc. Ann. art. 42.12, § 4(d)(1) (Vernon
Supp. 2008). To be eligible for jury-assessed community supervision, a defendant must file a written
sworn motion before trial with the court that he or she has not previously been convicted of a felony
in any state. Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e) (Vernon Supp. 2008). Trial counsel is
ineffective if he or she fails to verify a motion for community supervision. Ex parte Welch, 981
S.W.2d 183, 185 (Tex. Crim. App. 1998); May v. State, 660 S.W.2d 888, 890 (Tex. App.--Austin
1983), aff'd, 722 S.W.2d 699, 700 (Tex. Crim. App. 1984); Trevino v. State, 752 S.W.2d 735, 736
(Tex. App.--Eastland), pet. dism'd, 759 S.W.2d 142 (Tex. Crim. App. 1988). These failures of
counsel dashed any hope for Bonner to get community supervision.
2. Rule 21 of the Texas Rules of Appellate Procedure was amended, effective January 1, 2007. 
Among the amendments to that rule was the requirement that, when an error affected only
punishment, trial courts are to grant new trials on punishment only. See Tex. R. App. P. 21.1(b),
21.9(a). Before 2007, new trials on only punishment could be granted by an appellate court, but a
trial court could not "grant a new trial as to the punishment phase of a trial only." State v. Hight, 907
S.W.2d 845, 846 (Tex. Crim. App. 1995); see State v. Stewart, No. 03-07-00735-CR, 2009 WL
1024721, at *9 (Tex. App.--Austin Apr. 15, 2009, no pet. h.); see also Catherine Greene Burnett,
Justice Kerry P. Fitzgerald, Changes to the Texas Rules of Appellate Procedure, 70 Tex. Bar
Journal 772 (October 2007). We must disagree with a recent opinion from one of our sister courts
of appeals that has recited the previous rules prohibiting trial courts from ordering new trials on
punishment only. See Morning v. State, No. 10-08-00171-CR, 2009 WL 333578, at *1 (Tex.
App.--Waco Feb. 11, 2009, pet. filed.) (mem. op.) (citing Sorto v. State, 173 S.W.3d 469, 490 (Tex.
Crim. App. 2005)).