Affirmed and Memorandum Opinion filed January 17, 2008








Affirmed
and Memorandum Opinion filed January 17, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00178-CR

____________

 

JESUS ALBERTO JOYA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court 

Harris County, Texas

Trial Court Cause No. 1077752

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant, Jesus Alberto Joya, guilty of
aggravated assault with a deadly weapon, and the trial court assessed appellant=s punishment at
twenty years= confinement in the Texas Department of Criminal
Justice, Institutional Division.  See Tex. Penal Code Ann. ' 22.02 (Vernon
2003).  In appellant=s sole issue, he argues he received
ineffective assistance of counsel.  We affirm.

Factual and Procedural Background

On July 23, 2006, appellant brutally attacked Gilberto
Castillo with a machete.  That








same
day, Officer Terry Archer of the Houston Police Department apprehended
appellant.  On September 18, 2006, the grand jury charged appellant by
indictment with aggravated assault with a deadly weapon.

Prior to conducting voir dire and outside the presence of
the jury, appellant=s attorney, Cruz Cervantes, requested a
brief conversation with the judge.  On the record, Cervantes explained to the
judge appellant=s refusal to cooperate.  According to
Cervantes, appellant refused to meet with him and wrote a note stating he did
not want Cervantes visiting him.  Additionally, Cervantes stated he filed an
unsworn motion for probation because appellant refused to elect whether he
wanted a jury or the court to assess punishment.  The judge then repeatedly
asked appellant to decide between a jury or the court, and informed appellant
if he did not make an election, the court would assess his punishment and would
not be allowed to consider probation.  See Tex. Code Crim. Proc. Ann.
art. 42.12 ' 3g(a)(2) (Vernon 2005).  Despite these warnings,
appellant refused to make a decision.

The jury found appellant guilty of aggravated assault with
a deadly weapon, and the judge sentenced appellant to twenty years= confinement in
the Texas Department of Criminal Justice, Institutional Division.

Discussion

In appellant=s sole issue on
appeal, he argues he received ineffective assistance of counsel.  Specifically,
appellant argues his attorney failed to protect his right to have a jury assess
punishment and consider a probated sentence by filing an unsigned, unsworn
motion for probation.     

A.      Did
Appellant Receive Ineffective Assistance of Counsel?       

1.       Standard
of Review








In reviewing claims of ineffective assistance of counsel, we apply a two-prong test. See Salinas v. State,
163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)).  To
establish ineffective assistance of
counsel, appellant must prove by a preponderance of the
evidence that (1) his trial counsel's representation was deficient in that it
fell below the standard of prevailing professional norms, and (2) there is a
reasonable probability that, but for counsel's deficiency, the result of the
trial would have been different.  Id.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Mallett v.
State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

          An
accused is entitled to reasonably effective assistance of counsel.  King v.
State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983).  When evaluating a claim
of ineffective assistance, the appellate court looks to the totality of the
representation and the particular circumstances of each case.  Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  There is a strong
presumption that counsel's actions and decisions were reasonably professional
and were motivated by sound trial strategy.  Salinas, 163 S.W.3d at 740;
Stults v. State, 23 S.W.3d 198, 208 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  To overcome the presumption of
reasonable professional assistance, A>any allegation of ineffectiveness must be firmly founded
in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.=@  Thompson, 9 S.W.3d at 813 (quoting McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).  When determining
the validity of an ineffective assistance
of counsel claim, any judicial review must be highly
deferential to trial counsel and avoid the deleterious effects of hindsight.  Ingham
v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).  When the record is
silent as to the reasons for counsel's conduct, a finding that counsel was
ineffective would require impermissible speculation by the appellate court.  Stults,
23 S.W.3d at 208.  Absent specific explanations for counsel's decisions, a
record on direct appeal will rarely contain sufficient information to evaluate
an ineffective assistance claim.  See Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).

 








2.       Analysis

Appellant=s argument centers around the fact
Cervantes filed an unsworn motion for probation, and therefore, Cervantes
failed to protect appellant=s right to have the jury assess punishment and consider a
probated sentence.  However, the record establishes appellant refused to
cooperate with Cervantes, and he steadfastly refused to elect whether he wanted
a jury or a judge to assess his punishment.  The trial judge repeatedly asked
appellant to make an election and explained to him the consequences if he refused,
but appellant insisted he was innocent and did not need to make such a
decision.  The relevant part of the record reads as follows:

MR. CERVANTES: We filed an application for probation and
he hasn=t been sworn to it, not being an election one way or the
other. 

THE COURT:                   So what would your election
be?

THE DEFENDANT: I=m
not going to be found guilty.  I=m
innocent.  I=m going to win.

THE COURT:                   Well, in case that doesn=t
happen and you get found guilty we need to know ahead of time whether it will
be the jury or the Court that will assess punishment.  If you don=t
make an election then the Court will assess punishment.  And in a case like
this a deadly weapon finding is entered if a guilty verdict would be the
equivalent of B the Court can=t
give you probation a jury could consider probation though if you were convicted
by a jury so just in case there=s
a conviction do you want this Court to assess punishment or the jury?

THE DEFENDANT: I=m
innocent and I can=t
say if I=m going to be guilty or not because I=m
innocent.








THE COURT:                   And I presume you to be not
guilty.  The law presumes you to be not guilty but sometimes people are found
guilty by juries so if you make no election the Court will assess punishment. 
Are you going to make no election Mr. Joya?

THE DEFENDANT  Justice is in God=s
hands.

THE COURT:                   Very true but that doesn=t
answer my question.

THE DEFENDANT: Well, I can=t
say who I want to decide if I=m
found guilty because I=m
a hundred percent innocent and I=m
going to win this case.

THE COURT:                   But if you do not make an
election the Court will assess punishment in the event of a conviction.

THE DEFENDANT: An innocent man can=t
say that he=s going to be found guilty.

THE COURT:                   Mr. Cervantes, is this one
of those decisions that has to be made by the Defendant or can the attorney
make the election for him?

MR. CERVANTES: Judge, I B
Judge I don=t think that I want to make that decision, Judge.

THE COURT:                   Okay.

MR. CERVANTES: For him.

THE COURT:                   Well, I=ve
explained it now several times.  Mr. Joya if you make no election then the
Court will assess punishment.  We=re
not going to leave it in the jury=s
hands.  You understand that?  Just tell me if you understand.  That=s
all I need to know.  So you understand that and you understand that the Court
cannot consider probation in the event of a conviction?

THE DEFENDANT: All right.

THE COURT:                   No.  No.  No.  My question
is you can=t B
the Court can=t consider probation if you=re
convicted.  Do you understand that?

THE DEFENDANT: Well, yes I=m
hearing what you say.

THE COURT:                   That=s all I need to know.  Thank you. 








The
record establishes Cervantes=s failure to file a sworn motion for probation was the
result of appellant=s refusal to cooperate and refusal to elect between a
jury and the court for sentencing.  In this situation, Cervantes was not
allowed to make this decision for appellant.  The election as to whether the
trial judge or the jury should assess a defendant=s punishment belongs to the defendant,
not the trial attorney.  Redmond v. State, 30 S.W.3d 692, 698 (Tex. App.CBeaumont 2000, pet. ref=d).  Appellant was repeatedly informed
his refusal to make an election would result in the Court assessing punishment
and not considering probation.  See Tex. Code Crim. Proc. Ann. art.
42.12 '
3g(a)(2).  Despite this warning, appellant refused to make a decision, yet now
complains about it on appeal.  When a defendant withholds information that is
vital to his defense, he may not complain about the effect that his own evasive
conduct had upon the performance of counsel.  Rodriguez v. State, 74
S.W.3d 563, 569B70 (Tex. App.CAmarillo 2002, pet. ref=d) (finding counsel=s failure to move for a continuance
upon discovering new information in a PSI was not ineffective assistance
because defendant withheld the information from counsel); see Cannon v.
State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984) (refusing to hold counsel
ineffective when the defendant failed to impart sufficient information to
permit trial counsel to determine the identity of supposedly key witnesses); Hernandez
v. State, 885 S.W.2d 597, 601B02 (Tex. App.CEl Paso 1994, no pet.) (recognizing that the defendant=s failure to provide his attorney with
relevant information defeats a later claim of ineffective assistance because
the attorney failed to obtain particular information).  Any other result would
be to allow a defendant to benefit from his own mis- or non-feasance.  Rodriguez,
74 S.W.3d at 569.








Appellant
cites to four cases and argues other Texas courts have found similar errors by
defense counsel to be ineffective assistance of counsel, but each case is
distinguishable from the facts in the current case.  In all four cases cited by
appellant, the court found appellant was denied effective assistance of counsel
because the lawyer failed to file a sworn motion for probation; however, in
each case, appellant actually elected to have a jury assess punishment.  Ex
Parte Welch, 981 S.W.2d 183, 185 (Tex. Crim. App. 1998); Ex Parte
Walker, 794 S.W.2d 36, 37 (Tex. Crim. App. 1990); Trevino v. State,
752 S.W.2d 735, 737 (Tex. App.CEastland  1988, pet. dism=d); May v. State, 660 S.W.2d
888, 890 (Tex. App.CAustin 1983), aff=d, 722 S.W.2d 699, 700 (Tex. Crim. App.
1984).  In each of the cited cases, defense counsel=s failure to file a sworn motion for
probation rendered appellant=s decision to have a jury assess punishment meaningless
because without a swom motion for probation, the jury could not consider the
possibility of probation.  See Ex Parte Welch, 981 S.W.2d at 185; Ex
Parte Walker, 794 S.W.2d at 37; Trevino, 752 S.W.2d at 736B37; May, 660 S.W.2d at 890. 
This case is distinguishable because the record reflects appellant was fully
aware if he refused to make an election between a jury and the court for
sentencing, the judge would assess punishment and could not consider the
possibility of probation.  See Tex. Code Crim. Pro. Ann. art. 42.12 ' 3g(a)(2).

We hold
appellant has not met his burden of proving by a preponderance of the evidence
his trial counsel's representation was deficient in that it fell below the
standard of prevailing professional norms.  See Salinas, 163
S.W.3d at 740.  Since appellant refused to cooperate with his defense counsel,
he may not now complain on appeal about the effect that his own evasive conduct
had upon the performance of counsel.  See Rodriguez, 74 S.W.3d at 569. 
Accordingly, we overrule appellant=s sole issue on appeal.

Conclusion

Having
overruled appellant=s sole issue on appeal, we affirm the trial court=s judgment. 

 

/s/      John S. Anderson

Justice

 

 

Judgment rendered and Memorandum
Opinion filed January 17, 2008.

Panel consists of Chief Justice
Hedges, Justice Anderson, and Senior Justice Price.*

Do Not
Publish C Tex. R. App. P.
47.2(b).    









*  Senior Justice Frank C. Price sitting by assignment.