**Affirmed and Memorandum Opinion filed October 24, 2019.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-18-00345-CR

**PAUL KENNETH BEDARD, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 81486-CR**

## MEMORANDUM OPINION

Appellant Paul Kenneth Bedard was convicted by jury of aggravated assault by using or exhibiting a deadly weapon during the assault. *See* Tex. Penal Code Ann. §§ 22.01(a)(2), 22.02(a)(2). The jury assessed punishment at five-years imprisonment. *See* Tex. Penal Code Ann. §§ 12.33, 22.02(b). In a single issue, appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

# I. BACKGROUND

The evidence at trial revealed the following. On July 15, 2016, complainant Terry Robitaille traveled to Follett's Beach near Surfside, in Brazoria County, Texas, with her family. Appellant was alone, drinking beer in his parked truck. That afternoon, as Robitaille was sitting on the beach chatting with her daughter Stefani Hensley and watching her grandson in his stroller, Robitaille heard multiple "firecracker" sounds. At that time, she felt something "hit" and "sting" her arm and something "hit" her infant grandson's stroller, leaving an "indent[at]ion." Hensley also reacted and looked in the direction of the "firecracker" sounds. Hensley saw appellant sitting in the driver's seat of his truck pointing a dark or black gun out his passenger-side window in the direction of the family. The family did not harass, threaten, or even talk to appellant while they were at the beach. The family was so frightened that they quickly packed up, traveled further down the beach, warned a couple also on the beach about the shooting, and called 9-1-1.

Officer Williamson of the Surfside Police Department responded to the call.[1] When Williamson made contact with appellant, he appeared to be intoxicated. Appellant denied having any weapons and consented to a search of his truck. Williamson discovered a black loaded .22 pistol on the front passenger seat. The pistol contained live rounds, including a .22 bullet and "rat-shot,"[2] blanks,[3] and expended casings. Under the seat, Williamson located beer and several knives.

Deputy Scott with the Brazoria County Sheriff's Office later responded to the

---

[1] The portion of the beach where the incident took place was not in the Surfside Police Department's jurisdiction. Williamson explained that he helps cover calls for the Brazoria County Sheriff's Office when the sheriff's office cannot immediately respond.

[2] A rat-shot bullet contains "little BBs" and is "a .22 caliber version of a shotgun round."

[3] A blank contains gunpowder and "just makes a noise."

2

call. Appellant also appeared intoxicated to Scott and kept "chang[ing] the subject." Due to both his law-enforcement and military training and experience, Scott was "[v]ery, very familiar" with the smell of gunpowder from a recently fired firearm. Appellant's firearm smelled of "pretty fresh gunpowder," and Scott concluded the weapon "had been recently discharged." The physical evidence and the information Scott received from the family was "consistent" with rat-shot fired from appellant's pistol having struck Robitaille's arm.

Appellant claimed that he did not point his gun or shoot at anyone that day, he did not hear "fireworks" noises or shots, and Robitaille and Hensley were lying.

Appellant was arrested, charged with aggravated assault, and convicted and sentenced to five-years imprisonment.

## II.   ANALYSIS

In a single issue, appellant argues that the evidence is legally insufficient to support his conviction for aggravated assault. We disagree.

In evaluating a legal-sufficiency claim, we consider all the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011); *Malik v. State*, 953 S.W.2d 234, 236–37 (Tex. Crim. App. 1997). We determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860; *Malik*, 953 S.W.2d at 236–37. We measure sufficiency to support a conviction by comparing the evidence presented at trial to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik*, 953 S.W.2d at 240. A hypothetically correct jury charge reflects the governing law, the indictment, the State's burden of proof and theories of liability, and an adequate description of the

offense for the particular case. *Id.*

The jury is the exclusive judge of the facts proved, and of the weight to be given to the testimony. Tex. Code Crim. Proc. Ann. arts. 36.13, 38.04. We are not to act as a thirteenth juror and must not disregard, realign, or reevaluate the weight and credibility of the evidence. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). Therefore, we accord great deference to the jury to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. When the record supports conflicting inferences, the reviewing court presumes the jury resolved the conflicts in favor of the prosecution and defers to that determination. *Id.* at 326. We may only overturn a verdict if it is irrational or unsupported by more than a "mere modicum" of the evidence. *Moreno*, 755 S.W.2d at 867.

A person commits the offense of aggravated assault "if the person commits assault as defined in § 22.01 and the person . . . uses or exhibits a deadly weapon during the commission of the assault." Tex. Penal Code Ann. § 22.02(a)(2). A person commits assault as defined in section 22.01 "if the person . . . intentionally or knowingly threatens another with imminent bodily injury." Tex. Penal Code Ann. § 22.01(a)(2). Appellant's indictment alleged that on or about July 15, 2016, he intentionally or knowingly threatened Robitaille with imminent bodily injury and used or exhibited a deadly weapon, namely, a firearm. The jury charge likewise tracked the language of the applicable assault statutes.

The jury charge also provided the following statutory definitions:

- "'Bodily injury' means physical pain, illness, or any impairment of physical condition." Tex. Penal Code Ann. § 1.07(8) (Supp.).
- "'Deadly weapon' means . . . a firearm or anything manifestly

4

designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or . . . anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. § 1.07(17).

- "'Firearm' means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use." Tex. Penal Code Ann. § 46.01(3) (Supp.).

- "'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Tex. Penal Code Ann. § 1.07(46) (Supp.).

- "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." Tex. Penal Code Ann. § 6.03(a).

- "A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." Tex. Penal Code Ann. § 6.03(b).

Considering the evidence in the light most favorable to the verdict, and the reasonable inferences that can be drawn therefrom, we conclude the evidence in this case is legally sufficient for a rational jury to have found beyond a reasonable doubt that appellant committed aggravated assault. *See* Tex. Penal Code Ann. §§ 22.01(a)(2), 22.02(a)(2); *Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860; *Malik*, 953 S.W.2d at 236–37.

Robitaille and Hensley heard "firecracker" sounds coming from the direction of appellant's truck. Robitaille felt something "sting" her arm and something strike her infant grandson's stroller. Hensley saw appellant pointing a gun at the family

from the passenger side of his parked truck. Robitaille felt scared, upset, and threatened for herself, her family, and especially her grandson. In appellant's truck, police located a .22 pistol. The firearm was functional, loaded—including with a bullet and a round containing about 95 pellets of rat-shot—and had been recently fired.

Nevertheless, appellant argues there was too large of a distance between the family and appellant's parked truck for Hensley to have clearly seen appellant point the gun at them. Further, appellant argues that firing rat-shot would have damaged the inside of his truck; Robitaille only heard the "firecracker" sounds and did not see appellant fire the gun; Brazoria County Sheriff's Firearms Investigator Gentry testified that smelling a weapon is not the proper way to determine if it was recently fired; appellant's hands were not tested for gunshot residue; police did not search the beach for rat-shot; appellant denied pointing or firing his pistol on July 15, 2016; and Scott was not positive that Robitaille was hit by rat-shot.

None of these arguments countervails the legal sufficiency of appellant's conviction. The jury certainly was free to weigh the credibility of the witnesses' trial testimony, and we defer to its resolution of any conflicts. *See Jackson*, 443 U.S. at 319; *Dewberry*, 4 S.W.3d at 740; *Moreno*, 755 S.W.2d at 867.

As to distance, Robitaille testified that she thought appellant's truck was parked "about a hundred feet from [them]." However, according to Robitaille, Hensley had the "better vantage point" to see appellant. During her testimony, Hensley indicated that appellant's truck was located only about as far away as the distance from the witness stand to the chairs behind the prosecutor's table. Hensley stated that during the shooting, there was no one in between the family and appellant's truck, just "open space, open sand." She also correctly identified the exact brand of beer that appellant had been drinking in his truck. A rational jury

6

could have credited Hensley's identification of appellant as the person who pointed his gun at the family.

Even if Scott was not certain that rat-shot hit Robitaille's arm, and despite the lack of a positive gunshot-residue test or recovered rat-shot, both Scott and Williamson testified that the physical evidence tended to corroborate the family's version of events. And a rational jury was free to disbelieve appellant's testimony that he did not point or fire his pistol, especially when there was evidence he lied to police about not having a weapon and did not provide "straight answers." *See Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004) (lies and inconsistent statements are probative of guilt).

Finally, contrary to appellant's assertions, to prove he committed aggravated assault, the State was not required to present evidence that anyone saw him discharge the weapon or that he actually fired it at or shot anyone. *See, e.g.*, *Ward v. State*, 113 S.W.3d 518, 521 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) ("Aiming a deadly weapon at a supposed victim is sufficient evidence of a threat to sustain an aggravated assault conviction."); *Rodriguez v. State*, 955 S.W.2d 171, 174 (Tex. App.—Amarillo 1997, no pet.) (same); *Dickerson v. State,* 745 S.W.2d 401, 402–03 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd) (same); *May v. State*, 660 S.W.2d 888, 889 (Tex. App.—Austin 1983) (per curiam) ("The mere fact that appellant displayed the shotgun and pointed it in [victim]'s general direction is sufficient 'use' [for aggravated assault]."), *aff'd*, 722 S.W.2d 699 (Tex. Crim. App. 1984).

We overrule appellant's sole issue.

### III. CONCLUSION

Accordingly, we affirm the trial court's judgment.


/s/    Charles A. Spain
Justice


Panel consists of Justices Wise, Zimmerer, and Spain.

Do Not Publish—Tex. R. App. P. 47.2(b).