Jimmy TREVINO, Appellant,

v.

STATE of Texas, Appellee.

No. 11–87–082–CR.

Court of Appeals of Texas, Eastland.

June 16, 1988.

Rehearing Denied July 14, 1988.

James M. Brennan, Garza, Brennan & Walters, Ralph H. Brock, Lubbock, for appellant.

**736**

Ernie B. Armstrong—Dist. Atty., Snyder, for appellee.

## OPINION

ARNOT, Justice.

The jury convicted Jimmy Trevino of aggravated assault with a deadly weapon and assessed punishment at confinement for five years. Appellant has briefed four points of error. We will discuss only appellant's points complaining that the evidence is insufficient to support his conviction and that he was deprived of effective assistance of counsel at trial level. We find that a rational trier of fact could have found the appellant guilty of aggravated assault but that the failure of trial counsel to have appellant's motion for probation verified constituted ineffective assistance of counsel. Therefore, we reverse the judgment of the trial court and remand the cause for a new trial.

TEX.PENAL CODE ANN. sec. 22.-01(a)(2) (Vernon Supp.1988) provides: "A person commits an offense if the person: intentionally or knowingly threatens another with imminent bodily injury." TEX.PENAL CODE ANN. sec. 22.02(a)(4) (Vernon Supp.1988) provides the assault is aggravated if: "A person commits an offense if the person commits assault as defined in Section 22.01 ... and the person: uses a deadly weapon." The State, in its indictment, alleges that appellant "intentionally and knowingly used a deadly weapon, to-wit: a firearm, and did then and there intentionally and knowingly threaten Bobby Espinoza with imminent bodily injury by the use of said deadly weapon."

Claiming a variance between the State's allegations and its proof, appellant challenges the sufficiency of the evidence to support his conviction.

■ Reviewing the evidence in the light most favorable to the jury's verdict to determine if any rational trier of fact could have found the essential elements of aggravated assault beyond a reasonable doubt, the record reflects the following facts. See *Houston v. State*, 663 S.W.2d 455 (Tex.Cr.App.1984).

On November 29, 1986, at about 10:30 p.m., Bobby Espinoza, the complainant, and two other men were walking home after bowling at the Snyder Lanes. The appellant, driving by in his blue and silver pickup, recognized the complainant, made a U-turn in the parking lot, and stopped his vehicle. While an occupant (Abraham Lopez) remained in the truck, appellant exited the truck and accosted the complainant. After exchanging words, appellant retrieved a knife from the dashboard of his truck and thrust it at the complainant. When the complainant refused to fight and attempted to leave the scene, appellant drove his truck over a curb in front of a restaurant and tried to run over the complainant and his companions. Missing the complainant, appellant sped away slinging rocks. The complainant and a friend went to the police station to report the incident. A police officer saw appellant's erratic departure from the parking lot and stopped him. After being released by the officer, appellant dropped off his passenger and went to a party.

At approximately 12:30 a.m., appellant and a friend (Tony Hernandez) left the party, drove to the complainant's house in appellant's truck where appellant removed a .22 caliber rifle from his gun rack and fired one shot into the complainant's house and then fled.

The only occupants of the house, the complainant's mother and sister, had just retired for the night when the shot was fired. The bullet went through a metal door frame, made an indentation in the wooden door, and came to rest on the porch. The complainant was not at home at the time appellant shot at his house. He was at the police station making his statement about the knife incident when his sister called to report the shooting incident.

Appellant urges that because the intended victim was not at home when he shot at the house, he could not have been in fear of imminent bodily injury. We disagree. It is not necessary that the complainant be placed in fear of imminent serious bodily injury; it is the appellant's threat, made with the intent to place the complainant in

fear of imminent serious bodily injury, that constitutes the offense. See *Dues v. State,* 634 S.W.2d 304 (Tex.Cr.App.1982).[1] Intent can be established through acts, words, and conduct. *Dues,* supra; *Beltran v. State,* 593 S.W.2d 688 (Tex.Cr.App.1980); *Romo v. State,* 593 S.W.2d 690 (Tex.Cr.App.1980).

The record reflects that the complainant was not home at the time of the incident. His sister phoned the police station immediately after the shooting. The complainant learned of the shooting at the police station. The complainant's knowledge of the threat would have been the same had he been at home asleep, awakened by his sister, and informed of the shooting. All surrounding facts and circumstances of a charged offense are admissible; the offense is not tried in a vacuum. *Moreno v. State,* 721 S.W.2d 295 (Tex.Cr.App.1986); *Mann v. State,* 718 S.W.2d 741 (Tex.Cr. App.1986); *Archer v. State,* 607 S.W.2d 539 (Tex.Cr.App.1980). In a three-hour period of time, appellant had attempted to engage Espinoza in a fist fight, stab him, run over him, and, finally, indiscriminately fired into his home. Capability to carry out the threat is not an essential element of the offense. *Tanksley v. State,* 656 S.W.2d 194 (Tex.App.—Austin 1983, no pet'n). A rational trier of fact could have found appellant threatened Espinoza with serious imminent bodily injury with a firearm and that the threat was communicated to Espinoza.

■ Appellant also argues that he was denied effective assistance of counsel. We agree.

Appellant's counsel submitted an unsworn motion for probation. Because it was unsworn, the trial court refused to submit a charge on probation to the jury. TEX.CODE CRIM.PRO.ANN. art. 42.12, sec. 3a(a) (Vernon Supp.1988). Trial counsel's failure to have appellant's motion for probation verified is, in and of itself, ineffective assistance of counsel. See *May v. State,* 660 S.W.2d 888 (Tex.App.—Austin 1983), *affirmed,* 722 S.W.2d 699 (1984).

We do not reach the remaining points of error.

The judgment of conviction is reversed, and the cause is remanded for a new trial.

---

1. In *Dues,* the appellant was charged with the offense of terroristic threat, TEX.PENAL CODE ANN. sec. 22.07 (Vernon 1974), which is analogous to assault by threat under TEX.PENAL CODE ANN. sec. 22.02(a)(4).