

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH


**NOS.  2-07-384-CR**
**2-07-385-CR**


KENNETH L. ENGLISH                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Kenneth L. English entered open pleas of guilty to two counts

of aggravated robbery with a deadly weapon, and the trial court found him

guilty on both counts.  At the punishment hearing, his trial counsel urged the

court to put Appellant on community supervision.  After noting that Appellant

---

[1] *See* TEX. R. APP. P. 47.4.

was ineligible for community supervision under article 42.12, section 3g,[2] the trial court sentenced him to twenty-five years' confinement on each count. In his sole point on appeal, Appellant argues that trial counsel rendered ineffective assistance because he failed to inform Appellant that he was ineligible for community supervision if the trial court assessed punishment. We affirm.

## Standard of Review

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence (1) that his counsel's representation fell below the standard of prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

When evaluating the effectiveness of counsel under the first *Strickland* prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(F) (Vernon Supp. 2008), § 3g(a)(2) (Vernon 2006).

prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63.

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of

3

ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

There is no requirement that we approach the two-pronged inquiry of *Strickland* in any particular order, or even address both components of the inquiry if the defendant makes an insufficient showing on one component. 466 U.S. at 697, 104 S. Ct. at 2069.

**Discussion**

Appellant entered open pleas of guilty to two counts of aggravated robbery with a deadly weapon. At punishment, Appellant's sister and grandmother and the mother of his children testified that he was a good candidate for community supervision. Appellant testified why he wanted the trial court to put him on community supervision.

At the conclusion of the punishment-phase testimony, the trial court noted that Appellant was ineligible for community supervision because article 42.12, section 3g provides that when a defendant elects to have a judge assess punishment, the judge may not order community supervision if the defendant has been adjudged guilty of, among other offenses, (1) aggravated

4

robbery or (2) a felony offense in which a deadly weapon was used or exhibited. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(F), (2). Trial counsel conceded that he might have misunderstood article 42.12 and asked the trial court to put Appellant on community supervision or, if that was not possible, to sentence him to no more than ten years in the penitentiary. The State asked for a sentence of thirty years. The trial court sentenced Appellant to twenty-five years' confinement in each case, with the sentences to run concurrently. Appellant did not file a motion for new trial.

To support a claim of ineffective assistance of counsel where, as in this case, the complaint is that counsel misunderstood the law regarding probation pursuant to article 42.12, section 3g, more must be apparent from the record than trial counsel's mere mistake. *State v. Recer*, 815 S.W.2d 730, 731 (Tex. Crim. App. 1991). There must be evidence that the defendant was initially eligible to receive probation, that counsel's advice to go to the trial judge for sentencing was not given as part of a valid trial strategy, that the defendant's decision to have the judge assess punishment was based on his attorney's erroneous advice, and that the defendant's decision would have been different if his attorney had correctly informed him of the law. *Id.*

The only thing apparent from the record in this case is counsel's mere mistake regarding the possibility of community supervision under article 42.12,

5

section 3g. There is no evidence that Appellant was initially eligible to receive probation, that counsel's advice to go to the trial judge for sentencing was not part of a valid trial strategy, that Appellant's decision to have the judge assess punishment was based on counsel's erroneous advice, or that his decision would have been different if counsel had correctly informed him of the law. *See id.*

Appellant cites *Ex parte Felton*, 815 S.W.2d 733 (Tex. Crim. App. 1991) and *Trevino v. State*, 752 S.W.2d 735 (Tex. App.—Eastland 1988), *pet. dism'd*, 759 S.W.2d 142 (Tex. Crim. App. 1988), in support of his argument that trial counsel renders ineffective assistance when counsel's conduct indicates a lack of understanding of the law and facts relevant to punishment. *Felton* is distinguishable because it did not involve community supervision and because the postconviction record was sufficiently developed to permit a full *Strickland* analysis. 815 S.W.2d at 734–35. *Trevino* is distinguishable because it did not involve article 42.12, section 3g and thus did not implicate the evidentiary requirements for showing ineffective assistance set out by the court of criminal appeals in *Recer.* 752 S.W.2d at 737.

**Conclusion**

We hold that from the limited record on appeal, Appellant has failed to satisfy the second prong of *Strickland* by showing a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Recer*, 815 S.W.2d at 731. Therefore, we overrule his sole point and affirm the trial court's judgments.

PER CURIAM

PANEL:  GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  August 28, 2008