

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00187-CR
_____


JAMES FRANKLIN BONNER, JR., Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 19,739-2007


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After a jury found James Franklin Bonner, Jr., guilty of aggravated assault with a deadly weapon, Bonner, based on unfortunate advice from appointed counsel, agreed to have the trial court, not the jury, assess his punishment. Bonner's counsel also failed to file a sworn motion for community supervision with the court before trial. These actions made it impossible for Bonner to receive community supervision.[1] He was sentenced to ten years' confinement.

A different attorney filed a motion for new trial on both guilt/innocence and punishment based on the argument that trial counsel's actions amounted to ineffective assistance of counsel. After a hearing in which trial counsel admitted his mistake, the trial court granted the motion for new trial on punishment only. On retrial, the jury assessed Bonner's sentence at twelve years' imprisonment without community supervision.

On appeal from that result, Bonner contends that the trial court should have granted a new trial on both guilt/innocence and punishment. We disagree.

---

[1] A judge may not place a defendant on community supervision if he or she is found guilty of using or exhibiting a deadly weapon during the commission of the felony. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp. 2008). A jury, however, may assess community supervision if the jury assesses punishment, unless the defendant is sentenced to a term of imprisonment that exceeds ten years. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4(d)(1) (Vernon Supp. 2008). To be eligible for jury-assessed community supervision, a defendant must file a written sworn motion before trial with the court that he or she has not previously been convicted of a felony in any state. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4(e) (Vernon Supp. 2008). Trial counsel is ineffective if he or she fails to verify a motion for community supervision. *Ex parte Welch*, 981 S.W.2d 183, 185 (Tex. Crim. App. 1998); *May v. State*, 660 S.W.2d 888, 890 (Tex. App.—Austin 1983), *aff'd*, 722 S.W.2d 699, 700 (Tex. Crim. App. 1984); *Trevino v. State*, 752 S.W.2d 735, 736 (Tex. App.—Eastland), *pet. dism'd*, 759 S.W.2d 142 (Tex. Crim. App. 1988). These failures of counsel dashed any hope for Bonner to get community supervision.

In both issues presented, Bonner argues that he received ineffective assistance of trial counsel during the guilt/innocence phase. He cites no action or inaction of counsel during guilt/innocence; we can identify as arguably ineffective only counsel's actions referenced above, which affected only the punishment phase. While the presented issues are inadequately briefed, more importantly, the record reveals they are without merit. TEX. R. APP. P. 38.1(i).

The State does not claim that the trial court erred in ruling that trial counsel was ineffective with respect to the punishment phase of the trial. Instead, the State argues that any ineffectiveness was cured by the new trial on punishment. In support, the State relies on Rule 21.9 of the Texas Rules of Appellate Procedure which states that a "court must grant only a new trial on punishment when it has found a ground that affected only the assessment of punishment." TEX. R. APP. P. 21.9(a). "Granting a new trial on punishment restores the case to its position after the defendant was found guilty." TEX. R. APP. P. 21.9(c).

Attacking the trial court's authority to grant a new trial on punishment, Bonner cites cases that pre-date the amendments[2] to Rules 21.1 and 21.9. *See May*, 660 S.W.2d 888; *Trevino*, 752 S.W.2d 735.

Because the cited ineffective assistance occurred only at the initial punishment phase, the trial court properly granted new trial on the issue of punishment only. *See Stewart*, 2009 WL 1024721, at \*10. There is no claim that ineffective assistance of counsel occurred in the latter punishment trial. We overrule Bonner's points of error and affirm the trial court's judgment.

> Josh R. Morriss, III
> Chief Justice

Date Submitted:     June 5, 2009
Date Decided:      June 8, 2009

Do Not Publish

---

[2]Rule 21 of the Texas Rules of Appellate Procedure was amended, effective January 1, 2007. Among the amendments to that rule was the requirement that, when an error affected only punishment, trial courts are to grant new trials on punishment only. *See* TEX. R. APP. P. 21.1(b), 21.9(a). Before 2007, new trials on only punishment could be granted by an appellate court, but a trial court could not "grant a new trial as to the punishment phase of a trial only." *State v. Hight*, 907 S.W.2d 845, 846 (Tex. Crim. App. 1995); *see State v. Stewart*, No. 03-07-00735-CR, 2009 WL 1024721, at \*9 (Tex. App.—Austin Apr. 15, 2009, no pet. h.); *see also* Catherine Greene Burnett, Justice Kerry P. Fitzgerald, *Changes to the Texas Rules of Appellate Procedure*, 70 TEX. BAR JOURNAL 772 (October 2007). We must disagree with a recent opinion from one of our sister courts of appeals that has recited the previous rules prohibiting trial courts from ordering new trials on punishment only. *See Morning v. State*, No. 10-08-00171-CR, 2009 WL 333578, at \*1 (Tex. App.—Waco Feb. 11, 2009, pet. filed.) (mem. op.) (citing *Sorto v. State*, 173 S.W.3d 469, 490 (Tex. Crim. App. 2005)).

4