Opinion issued September 17, 2009


























In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00726-CR

NO. 01-07-00736-CR

____________


MARCALL BRYCE CUNNINGHAM, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause Nos. 44782 and 44783






MEMORANDUM OPINION


 Appellant, Marcall Bryce Cunningham, pleaded guilty, without an agreed
punishment recommendation from the State, to two indictments alleging
aggravated robbery. See Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).
The trial court assessed punishment at 16 years' confinement. In his sole issue,
appellant contends that his trial counsel failed to render effective assistance at the
punishment phase. We affirm.


FACTS



 Brian Bingham and his sister Brittany Bingham, the complainants, were
arriving home one evening when appellant and another man confronted them at the
door. Appellant pointed a BB gun, which looked like a real firearm, in Brian's
face. The two men screamed and cursed at the complainants and threatened to
shoot them, causing them to fear for their lives. After taking some possessions, the
two men ordered the complainants into their home, and appellant again threatened
to shoot them if they did not comply.

 The police later apprehended appellant and others while they were driving. 
They took Brian and Brittany to the stopped car, where both complainants
identified appellant and the other actor as the robbers. At trial, the complainants
again positively identified appellant as the one who had pointed the gun at them;
Brian distinguished appellant from the other actor by his height, his hair, and the
earrings that he wore; and Brittany testified that the front of the house had been
"pretty well lit" when the incident occurred.

 The indictments alleged that appellant had committed aggravated robbery by
the use or exhibition of a BB gun, alleged to have been a deadly weapon. 
Appellant pleaded guilty, without an agreed punishment recommendation, in both
cases. He simultaneously moved for deferred adjudication community supervision.
The trial court received appellant's plea and set the punishment hearing for a later
date, to allow for a pre-sentence investigation ("PSI") report.

 Appellant testified at punishment. Defense counsel--who was also
appellant's mentor at church--began by asking appellant to clarify a discrepancy
between statements that appellant had given for the PSI report and to police. (1) 
Defense counsel then urged appellant to answer truthfully whether he had been the
gunman, regardless of what he had said in earlier statements. Appellant denied
having been the gunman. Appellant's trial counsel advised the court, "Excuse me,
Your Honor. I expected a different response than that." Appellant then confirmed,
upon counsel's further questioning, that he had never before revealed this to his
counsel.

 In the remainder of his direct testimony, appellant admitted that he was
willing to work with the State to catch the other perpetrators. On cross-examination, however, appellant admitted that he had not yet given the police
sufficient information to apprehend the other perpetrators and that he had changed
his story about being the gunman only before punishment. Appellant's mother also
testified during punishment, opining on his truthfulness and remorse and indicating
that community supervision would help him.

 The punishment range was 5 to 99 years or life and an optional fine not to
exceed $10,000. See Tex. Penal Code Ann. §§ 12.32, 29.03(b) (Vernon 2003). 
In closing, the prosecutor requested punishment of 25 years in prison, emphasizing
appellant's lack of remorse because of his changing story about being the gunman,
his lack of cooperation with police on apprehending the others involved, and his
behavioral problems. Defense counsel began his closing argument by stating that
he was "baffled because [his] client's testimony had changed," "question[ed]
[appellant's] integrity and honesty," did not "know if [appellant was] telling the
truth or not," and was "caught by surprise" by appellant's testimony. However,
counsel concluded that "I have to believe that he has followed my advice" by
"standing on honesty and integrity," and he stated his belief that appellant's
hearing testimony was probably true, while acknowledging how improbable it
must seem. Counsel opined that "[appellant's] case requires some prison time,"
suggesting that the court consider 10 years, because "that was a very serious
offense." He also asked the court be open later to "shock probation" in
conjunction with prison time. (2)

 The trial court assessed appellant's punishment at 16 years in prison. 
Appellant did not move for a new trial.

INEFFECTIVE ASSISTANCE OF COUNSEL


Appellant contends that his trial counsel failed to render effective assistance
for not having requested either deferred adjudication community supervision,
which he had requested and for which he was eligible, (3)
 or the minimum
punishment of five years.



 A. Standard of Review 


To prevail on a challenge to the effectiveness of counsel, a defendant must
show that his counsel's performance was deficient and that there is a "reasonable
probability--one sufficient to undermine confidence in the result--that the
outcome would have been different but for his counsel's deficient performance."
Ex parte Chandler, 182 S.W.3d 350, 353-54 (Tex. Crim. App. 2005) (citing
Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984)). The
benchmark for evaluating a challenge to counsel's effectiveness is "whether
counsel's conduct so undermined the proper functioning of the adversarial
process" that one cannot rely on the trial "as having produced a just result." Id. at
353.

To meet his burden to show that his counsel was constitutionally deficient, a
defendant must establish, by a preponderance of the evidence, that his trial counsel
was not acting as "a reasonably competent attorney" and that his advice was not
"'within the range of competence demanded of attorneys in criminal cases.'" Id. at
354 (quoting Strickland, 466 U.S. at 687, 104 S. Ct. at 2064). This requires
overcoming a "'strong presumption that counsel's conduct fell within the wide
range of reasonable professional assistance.'" Id. (quoting Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999)); Rylander v. State, 101 S.W.3d 107, 110
(Tex. Crim. App. 2003). We will normally not speculate to find trial counsel
ineffective when the record is silent on his reasoning or strategy. See Henderson v.
State, 29 S.W.3d 616, 624 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd);
Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no
pet.). Nonetheless, when the challenged conduct was "'so outrageous that no
competent attorney would have engaged in it,'" we may conclude that counsel was
deficient even when the record is silent on his reasoning or strategy. Goodspeed v.
State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001)).

 B. Deficient Performance

Counsel's challenged statements must be viewed in their proper context.
Appellant had just testified, to his counsel's expressed surprise, that he was not the
gunman, a statement that contradicted both his own statement to the police and the
complainants' eye-witness testimony. In part because of this changed story, the
State had recommended 25 years in prison, accusing appellant of showing no
remorse. Given the obvious and material discrepancy in appellant's testimony,
along with the State's reliance on it to argue for a lengthy punishment, defense
counsel may have believed that appellant's credibility was in jeopardy and that
arguing for the minimum punishment or deferred adjudication community
supervision would not have been effective or could even have been
counterproductive. Indeed, counsel appears to have been walking the fine line
between asserting the truthfulness of his client's testimony while also maintaining
credibility with the court. If this was his strategy, it was not the kind that would be
"so outrageous that no competent attorney would have engaged in" it. Id.; see also
Thompson v. State, 915 S.W.2d 897, 904 (Tex. App.--Houston [1st Dist.] 1996,
pet. ref'd) (indicating that closing argument is one area "where trial strategy is
most evident" and that appellate court "will review matters of trial strategy only if
an attorney's actions are without any plausible basis."). 

Because counsel's actions were not the type that no competent attorney
would have taken, we conclude that appellant, who did not make the record clearly
reflect counsel's actual strategy, failed to carry his burden to show that his
counsel's performance at punishment was deficient. (4)

We overrule appellant's sole issue.

 CONCLUSION

We affirm the judgment of the trial court.



Sherry Radack

Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale.


Do not publish. See Tex. R. App. P. 47.2(b).
1. In his statement to police, appellant had admitted being the gunman. The record
implies that appellant denied this in the PSI report. The PSI report is not part of our
record.
2. Appellant was not eligible for "shock" community supervision. See Tex. Code Crim.
Proc. Ann. art. 42.12, §§ 3g(a)(1)(F), 6(a)(1) (Vernon Supp. 2009).

3. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon 2008).

4. We distinguish Ware v. State, on which appellant relies [appt's reply br., p. 5],
because in it, counsel had sought community supervision, had obtained a charge on
it, and had argued it to the jury, but had mistakenly failed to adduce evidence that
appellant had no prior felony convictions. See 875 S.W.2d 432, 437 (Tex.
App.--Waco 1994, pet. ref'd). We also distinguish Trevino v. State, on which
appellant relies, because in it, counsel submitted an unsworn motion for community
supervision, which resulted in the trial court's refusing a request to submit the issue
to the jury. See 752 S.W.2d 735, 737 (Tex. App.--Eastland 1988), pet dism'd, 759
S.W.2d 142 (Tex. Crim. App. 1988). The record in each case showed that counsel
intended to seek community supervision, but made a mistake that prevented it. In
contrast, the record here indicates that counsel no longer intended to ask for
community supervision at the time of his argument, and nothing shows that that
strategy was so outrageous as to be deficient.