ACCEPTED
01-14-00697-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/9/2015 4:09:49 PM
CHRISTOPHER PRINE
CLERK

**No. 01-14-00697-CR**
**No. 01-14-00698-CR**

In the
**Court of Appeals**
For the
**First District of Texas**
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/9/2015 4:09:49 PM

CHRISTOPHER A. PRINE
Clerk

——————◆——————

**No. 1408625**
**No. 1408626**
In the 262nd District Court
Of Harris County, Texas

——————◆——————

**David Sendejo**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

——————◆——————

STATE'S APPELLATE BRIEF

——————◆——————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
State Bar Number: 05263700

**PHILLIP LEHMANN**
Appellate Division Intern
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Telephone: 713.755.5826
curry_alan@dao.hctx.net

ORAL ARGUMENT CONDITIONALLY WAIVED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State waives oral argument since the issues appear well-settled in Texas jurisprudence. But the State will present argument if this Court deems it necessary.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

*Counsel for the State:*

**Devon Anderson** — District Attorney of Harris County
**Alan Curry** — Assistant District Attorney on appeal
**Jamie Morrison**— Assistant District Attorney at trial
**Kelli Johnson**— Assistant District Attorney at trial
**Phillip Lehmann**—Appellate Division Intern

*Appellant or criminal defendant:*

**David Sendejo**

*Counsel for Appellant:*

**Ricardo Gonzalez**— Counsel at trial
**Marco Gonzalez**— Counsel at trial
**Thomas J. Lewis**— Counsel on appeal

*Trial Judge:*

**Honorable Denise Bradley**— Presiding Judge

i

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ...............................................i

IDENTIFICATION OF THE PARTIES ...................................................i

TABLE OF CONTENTS ................................................................. ii

INDEX OF AUTHORITIES.............................................................. iii

STATEMENT OF THE CASE............................................................1

STATEMENT OF FACTS................................................................2

SUMMARY OF THE ARGUMENT .....................................................5

REPLY TO APPELLANT'S FIRST POINT OF ERROR .......................................5

  **I.  Standard of review and applicable law regarding legal sufficiency of the evidence**................................................................................5

  **II.  The evidence is legally sufficient to prove that the appellant committed aggravated assault** .................................................................6

REPLY TO APPELLANT'S SECOND POINT OF ERROR.................................9

  **I.  Standard of review and applicable law regarding denial of a motion for mistrial**.................................................................................9

  **II.  The court did not err in denying the appellant's motion for mistrial.**......10

CONCLUSION.........................................................................14

CERTIFICATE OF SERVICE ...........................................................15

# INDEX OF AUTHORITIES

## CASES

*Adames v. State*,
353 S.W.3d 854 (Tex. Crim. App. 2011) ...................................................................6

*Archie v. State*,
340 S.W.3d 734 (Tex. Crim. App. 2011) ...................................................... 10, 11

*Dues v. State*,
634 S.W.2d 304 (Tex. Crim. App. 1982) ...................................................................7

*Gardner v. State*,
730 S.W.2d 675 (Tex. Crim. App. 1987) .................................................................13

*Hawkins v. State*,
135 S.W.3d 72 (Tex. Crim. App. 2004) ....................................................... 10, 11

*Jackson v. Virginia*,
443 U.S. 370 (1979) .................................................................................................6

*Kemp v. State,*
846 S.W.2d 289 (Tex. Crim. App. 1992) .................................................. 11, 12, 13

*Martinez v. State*,
754 S.W.2d 831 (Tex. App.—
Houston [1ˢᵗ Dist.] 1988) ........................................................................................7

*McDougal v. State*,
105 S.W.3d 119 (Tex. App.—
Fort Worth 2003, pet. ref'd) ....................................................................................6

*McGowan v. State*,
664 S.W.2d 355 (Tex. Crim. App. 1984) ..................................................................7

*Montgomery v. State*,
810 S.W.2d 372 (Tex. Crim. App. 1990), on reh'g (June 19, 1991) ........................10

*Rojas v. State*,
986 S.W.2d 241 (Tex. Crim. App. 1998) ........................................................ 11, 12

*Trevino v. State*,
752 S.W.2d 735 (Tex. App.—
Eastland 1988) .......................................................................................................7, 8

*Wood v. State*,
  206 S.W.3d 646 (Tex. Crim. App. 2006) ........................................................................6

**STATUTES**

Tex. Penal Code Ann. § 22.01(a) (West Supp 2013) .....................................................6

Tex. Penal Code Ann. § 22.02(a) (West Supp. 2013)....................................................7

**RULES**

TEX. R. APP. P. 38.2(a)(1)(A)...................................................................................... i

TEX. R. APP. P. 39.1..................................................................................................... i

TEX. R. APP. P. 9.4(g) ................................................................................................. i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

In Cause No. 1408625, the State charged the appellant with unlawfully, intentionally, and knowingly causing bodily injury to Aaron Franco by shooting him with a firearm (CR, Case 1, at 8). The indictment included an enhancement paragraph that alleged that the appellant had a prior conviction for aggravated robbery (CR, Case 1, at 8).

In Cause No. 1408626, the State charged the appellant with unlawfully, intentionally, and knowingly causing bodily injury to Angel Franco by shooting him with a firearm (CR, Case 2, at 9). This indictment also included an enhancement paragraph that alleged that the appellant had a previous conviction for aggravated robbery (CR, Case 2, at 9).

The appellant entered a plea of not guilty in both cases (CR, Case 1, at 438; CR, Case 2, at 449). The jury returned verdicts of guilty in both cases (CR, Case 1, at 454; CR, Case 2, at 466). The court then found the enhancement allegation true and assessed the appellant's punishment at 65 years in prison (*Id.*). The appellant timely filed written notices of appeal to complain of his convictions for the offense of aggravated assault (CR, Case 1, at 457; CR, Case 2, at 469).

———————◆———————

**STATEMENT OF FACTS**

On the night of July 30th, 2013, Angel Franco, Marcellino Franco, and Aaron Franco were spending time together at Aaron Franco's apartment located at 539 Yorkshire St., Houston TX, 77002, in Harris County, Texas (3 RR, Case 1, at 17-18). Aaron Franco lived in Unit No. 3 on the first floor (3 RR at 36). Shortly after midnight there was a knock at the door (3 RR, Case 1, at 19). Aaron Franco answered the door, and it was the appellant, David Sendejo (*Id.*). Aaron Franco let David in and asked him what was going on (*Id.* at 20).

The appellant appeared "very hyper, agitated" (*Id.* at 20). The appellant told Aaron that he was looking for another gentleman and asked "where the black guy was that carried the backpack that lived [here]" (*Id.*). Aaron told the appellant that the only black man that he knew that had the backpack lived in Unit No. 4 of the apartment complex (*Id.*). At this point, the appellant left Aaron Franco's apartment, presumably to check Unit No. 4. (*Id.*). Shortly thereafter, he returned, asking Aaron "why did you lie to me?" (*Id.* at 21). After speaking with Aaron again, the appellant realized he was thinking of Unit No. 5, when in fact Aaron had earlier told him Unit No. 4. (*Id.*). After clearing up this misunderstanding with Aaron Franco, the appellant left again for the other unit (*Id.* at 22).

After leaving Aaron Franco's apartment for the second time, Aaron turned on the porch light (*Id.* at 22). About three or four seconds later, Aaron heard "his light

2

get slapped" (*Id.* at 22). The light bulb "wasn't busted, but it wasn't working anymore" (*Id.* at 34). Aaron then opened the door, and the appellant asked Aaron "why [Aaron Franco] was trying to get in the middle of [his] shit" (*Id.* at 22.) After a brief argument, Aaron Franco went back inside his apartment and closed the door, with the appellant saying that he would "come back and talk" to Aaron (*Id.* at 23).

About two minutes later, the appellant returned and knocked on Aaron's door (*Id.* at 23). Aaron then opened the door halfway, and the appellant demanded that they "talk," while Aaron told him to go home and that they would do so later (*Id.* at 24). The appellant was more agitated than previously (*Id.* at 41). At this point, the appellant tried to force his way into Aaron Franco's apartment (*Id.* at 24). Aaron was successful in pushing the appellant out of the doorway (*Id.* at 24). Angel Franco got up from the dining room table and headed towards the door after it was slammed shut (*Id.* at 25). Once Angel was about halfway to the door, there was a single gunshot fired through the door (*Id.* at 25).

The gunshot pierced through Angel's finger, went through Aaron's left arm and then hit Aaron in the stomach (*Id.* at 25). The shot had been fired almost immediately after the door had been closed, with at most two seconds in between (*Id.* at 26). Throughout all three of Aaron Franco's encounters with the appellant, the appellant had been alone, and no other individuals were seen outside on the porch when Aaron had opened his door (*Id.* at 26). 9-1-1 Emergency services were called, and an ambulance arrived on the scene in about three or four minutes (*Id.* at 27).

Aaron Franco spent a total of eight weeks in the hospital, being first released after two weeks and then again after a six-week return to the hospital due to complications (*Id.* at 27). Aaron Franco had to undergo surgery on his left arm, as the bullet had fractured one of his bones and displaced another (*Id.* at 27). The bullet also entered Aaron's stomach, ricocheting three times (*Id.* at 27). Due to the severity of the damage caused by the bullet, Aaron Franco had to have part of his colon removed (*Id.* at 27). He had to wear a colostomy bag in court while testifying (*Id.* at 27). Hospital personnel were unable to remove the bullet due to scar tissue from previous surgeries that Aaron had undergone (*Id.* at 28).

Angel Franco stayed in the hospital for roughly six hours (*Id.* at 43). The bone in his index finger on his left hand was shattered (*Id.* at 45). The bone took about six months to heal, though Angel still cannot bend it as before (*Id.*).

Houston Police Department officer Ricardo Salas was dispatched to 539 Yorkshire on July 30th, 2013, the evening in question (*Id.* at 51). Officer Salas went to Aaron Franco's apartment and found the bullet hole in the center of the door at waist level (*Id.* at 56). He also observed blood within the apartment (*Id.* at 57). A nine-millimeter Luger shell cartridge was recovered from the scene, outside of Aaron's apartment (*Id.* at 58-59). No gun was ever found (*Id.* at 68).

―――――――――◆―――――――――

## SUMMARY OF THE ARGUMENT

The evidence presented is legally sufficient to prove beyond a reasonable doubt that the appellant committed aggravated assault by shooting both Aaron and Angel Franco. Furthermore, the court did not err in denying the appellant's motion for mistrial for violation of the appellant's motion in limine when the trial judge promptly instructed the jury to disregard the witness's statement, curing the error.

——————◆——————

## REPLY TO APPELLANT'S FIRST POINT OF ERROR

In his first point of error, the appellant argues that the evidence presented in his case was legally insufficient to convince any rational factfinder beyond a reasonable doubt that the appellant committed aggravated assault by shooting both Aaron Franco and Angel Franco with a firearm.

### I. Standard of review and applicable law regarding legal sufficiency of the evidence

In a sufficiency review, an appellate court reviews all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 370, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011).

The party seeking review has the burden to see that a sufficient record is presented on appeal. *Wood v. State*, 206 S.W.3d 646, 651 (Tex. Crim. App. 2006), and must bring forth a complete record of the evidence to show that the State failed to meet its burden of proving a defendant's guilt. *McDougal v. State*, 105 S.W.3d 119, 121 (Tex. App.—Fort Worth 2003, pet. ref'd).

## II. The evidence is legally sufficient to prove that the appellant committed aggravated assault

Section 22.01 of the Texas Penal Code provides that a person commits assault if that person: (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse; (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or (3) intentionally or knowingly causes the physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. Tex. Penal Code Ann. § 22.01(a) (West Supp 2013). Section 22.02(a) of the Texas Penal Code provides that a person commits the offense of aggravated assault when the person commits assault as defined in § 22.01 and the person: (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of an assault. Tex. Penal Code Ann. § 22.02(a) (West Supp. 2013).

The appellant does not argue that Aaron and Angel Franco were not the victims of an aggravated assault. The appellant argues only that there is not sufficient evidence

6

to prove beyond a reasonable doubt he fired the weapon. While the appellant argues that the identity of the gunman remains unknown, the record is more than sufficient to prove beyond a reasonable doubt that the appellant fired the weapon into the victim's apartment and to uphold the appellant's conviction for aggravated assault with a deadly weapon.

"It is well established that threats can be conveyed in more varied ways that merely a verbal manner." *McGowan v. State*, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984). "A threat may be communicated by action of conduct as well as words." *Id.*; *Martinez v. State*, 754 S.W.2d 831, 833 (Tex. App.—Houston [1st Dist.] 1988). "It is not necessary that the complainant be placed in fear of imminent serious bodily injury; it is the appellant's threat, made with the intent to place the complainant in fear of imminent serious bodily injury that constitutes the offense." *Dues v. State*, 634 S.W.2d 304, 306 (Tex. Crim. App. 1982); *Trevino v. State*, 752 S.W.2d 735, 736-37 (Tex. App.—Eastland), *pet. dism'd*, 759 S.W.2d 142 (Tex. Crim. App. 1988). "It is immaterial to the offense whether the accused had the capability or the intention to carry out his threat." *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982).

In *Trevino*, the complainant and two other men were walking home from a bowling alley. *Trevino*, 752 S.W.2d at 736. The defendant, after driving by and recognizing the complainant, stopped his pickup truck. *Id.* The defendant exited the truck and accosted the complainant. *Id.* After exchanging words, the defendant retrieved a knife from his truck and thrust it at the complainant. *Id.* The complainant refused to fight

7

and attempted to leave the scene, but the defendant drove his truck over a curb and tried to run over the complainant. *Id.* After missing the complainant, the defendant sped away in his truck. *Id.*

Later that evening/early morning, the defendant and a friend drove to the complainant's residence where the defendant fired one shot from a .22 caliber rifle into the house and then fled. *Id.* The bullet went through a metal door frame, made an indention in the wooden door, and came to rest on the porch. *Id.* The only occupants home at the time were the complainant's mother and sister. *Id.* The complainant was at the police station making his statement regarding the knife incident when his sister notified him of the shooting. *Id.*

In the instant case, the events that occurred on the late night and early morning of July 30, 2013 are analogous to the facts in *Trevino*. Like the complainant in *Trevino*, Aaron Franco and Angel Franco were accosted by the appellant prior to the shooting. The appellant had come to Aaron Franco's apartment three times, in increasingly belligerent states, verbally argued with Aaron Franco, knocked down his porch light, and then attempted to force his way into Aaron Franco's apartment (3 RR, Case 1, at 22-24, 32, 41). Only 1-2 seconds after Aaron Franco was able to expel the appellant from the apartment and close the door, was a gun fired whose bullet hit both Aaron and Angel Franco (*Id.* at 25-26).

Aaron and Angel Franco were present at the scene, just mere seconds before the gun was fired and the bullet struck the both of them (*Id.*). They witnessed

8

personally and experienced serious bodily injury (injured fingers, fractured bones, and damaged organs) with virtually no time between their confrontation with the appellant and the gunshot (*Id.*). Additionally, a nine-millimeter Luger shell cartridge was found outside Aaron Franco's apartment, and there was a bullet hole in the door at waist level (*Id.* at 57, 59). It is it not necessary for Aaron and Angel Franco to have personally seen the firearm. As a result, the evidence is legally sufficient to sustain the appellant's conviction for aggravated assault. Thus, this Court should overrule the appellant's first point of error and uphold his conviction.

————————◆————————

## REPLY TO APPELLANT'S SECOND POINT OF ERROR

In his second point of error, the appellant argues that the court erred in denying his motion for mistrial when testimony from a State's witness was heard by the jury in violation of the appellant's motion in limine.

**I.** **Standard of review and applicable law regarding denial of a motion for mistrial**.

A mistrial is the trial court's remedy for improper conduct that is "so prejudicial that expenditure of further time and expense would be wasteful and futile." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). The denial of a motion for mistrial by the trial court is reviewed for an abuse of discretion. *Archie v. State*, 340 S.W.3d 734 (Tex. Crim. App. 2011). "As long as the trial court's ruling was at least within the

9

zone of reasonable disagreement, the appellate court will not intercede." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990), on reh'g (June 19, 1991).

## II.     The court did not err in denying the appellant's motion for mistrial.

The appellant argues that the trial court abused its discretion in refusing to grant a mistrial because Angel Franco's testimony in violation of the appellant's motion in limine regarding the "gun" which the appellant "always had" was so prejudicial as to be impossible for the jury to disregard. In determining whether the trial court abused its discretion, a reviewing court must examine the same factors that would be considered in a harm analysis. *Archie*, 221 S.W.3d at 700. These include: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed). *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *Archie v. State*, 221 S.W.3d 695 at 697.

"Testimony referring to or implying extraneous offenses can be rendered harmless by an instruction to disregard by the trial judge, unless it appears the evidence was so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992).

In *Rojas v. State*, the Court of Criminal Appeals addressed such a situation. *Rojas v. State*, 986 S.W.2d 241, 250-51 (Tex. Crim. App. 1998). The defendant in a capital

10

murder trial argued that the trial court erred in denying his motion for mistrial after sustaining his objection to the testimony of the State's witness. *Id.* During the guilt/innocence phase of the trial, Texas Ranger George Turner, in response to a question about whether Turner believed the version of events given by the defendant in his confession, said: "I believe that she wanted him to move out. She knew because of his past anger, his past violence that that was the only way…" *Id.* Defense counsel objected and moved for a mistrial because the comment was not responsive to the question, beyond any evidence at trial, prejudicial, and inflammatory, and a violation of the defendant's due process rights. *Id.* The trial court sustained the objection and instructed the jury to disregard Turner's comment, but denied the defendant's motion for mistrial. *Id.*

The Court of Criminal Appeals reasoned that Turner's comment was not a concrete reference to an extraneous offense, but merely vague speculation. *Id.* Due to defense counsel's timely objection, Turner was prevented from elaborating on the mentioned extraneous conduct. *Id.* The court also found that the trial court judge's prompt sustaining of counsel's objection conveyed the appropriate message that the witness's comment was not supported by the evidence and was not to be considered. *Id.* Therefore, the Court of Criminal Appeals ruled that the trial judge's instruction to disregard cured any error and the judge did not abuse his discretion in overruling the defendant's motion for mistrial. *Id.* at 51.

In *Kemp v. State*, the Court of Criminal Appeals held that the trial court did not abuse its discretion when it denied the defendant's motion for mistrial on similar facts. *Kemp*, 846 S.W.2d at 308. One of the State's witnesses testified that the defendant had a prior felony conviction, even though this statement was in violation of one of the defendant's motions in limine. *Id.* When asked by the State, "When you received that information, what did you do with the information?", the State's witness replied, "Began checking it out…and to the best of my memory, this caller also provided information that she had a son named Kent or Kemp who had recently been released from the penitentiary." *Id.*

The defendant asked for, and the trial court instructed the jury to "disregard for all purposes the last answer of the officer… and [to] consider it for no purpose in this trial." *Id.* The Court of Criminal Appeals found that although this evidence was inadmissible, it was "not so inflammatory so as to undermine the efficacy of the trial court's instruction to disregard." *Id.*

A similar statement was likewise made in *Gardner v. State* by a witness that the defendant had "told [him] that even when [the defendant] was in the penitentiary, that he had stomach problems." *Gardner v. State*, 730 S.W.2d 675, 696-97 (Tex. Crim. App. 1987). The court held that this was cured by the trial court's instruction to disregard. *Id.*

In the instant case, the State gave notice to the appellant of its intent to call witnesses to testify that they had seen him with a gun prior to the evening of the

aggravated assault (3 RR at 5-7). The appellant made a motion in limine to exclude the testimony on the ground that it was more prejudicial than probative and the court granted the motion (*Id.* at 7). On direct examination, State's witness Angel Franco was asked by the prosecutor, "How are you sure that the defendant is the one that shot you?" (*Id.* at 43). Angel Franco replied, "Because he was the only one by the door and everyone has always seen him with that gun that he's had" (*Id.*).

Defense counsel objected immediately and the judge sustained the objection (*Id.*). Defense counsel then asked for an instruction to the jury to disregard Angel Franco's answer and the judge told the jury to "disregard the last statement that the witness made." (*Id.* at 43-44). At this point, defense counsel asked for a mistrial, which was then denied (*Id.* at 44).

Just as the witness's statement in *Rojas*, Angel Franco's statement was not a concrete reference to an extraneous offense, but merely vague speculation. Additionally, as in both *Rojas* and *Kemp*, the judge's prompt sustaining of defense counsel's objection conveyed the appropriate message that Angel Franco's statement was not to be considered. The judge's instruction was sufficient to disregard any error and the judge did not abuse her discretion in denying the appellant's motion for mistrial.

———————◆———————

13

# CONCLUSION

For the foregoing reasons, the State respectfully prays that this Court will overrule appellant's two points of error, and will affirm appellant's conviction for aggravated assault.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

## CERTIFICATE OF COMPLIANCE

This is to certify that this computer-generated document has a word count of 3,327 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ *Alan Curry*

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to appellant's attorney at the following address on March 9, 2015:

Thomas J. Lewis
1602 Washington Ave.
Houston, Texas 77007
State Bar No. 12308540
Phone: (713) 256-6779
Fax: (713) 861-2951
E-Mail: tjlaw@comcast.net

/s/ **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net